[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13183 ON HEARING IN DAMAGES
This case came before the court, following default of the defendant operator for failure to appear on December 26, 1996, as a hearing in damages. The plaintiff, Sherrie Nichols, present age 22, was the operator of a motor vehicle which, on September 24, 1996, was struck on the driver's side by the defendant's vehicle with such force that the exterior and interior of the plaintiff's 1992 Plymouth is hardly recognizable as such.
The plaintiff sustained devastating injuries in this accident. She was unresponsive upon arrival at Bridgeport Hospital. An examination of the medical and hospital records, exhibits in this case, reveal that she sustained pelvic fractures consisting of fracture of the pubis, ischial rami and disruption of the sacroiliac joint through the sacrum. These fractures have resulted in a leg length discrepancy and a 5 to 10% permanent impairment rating by Murray A. Morrison, M.D., board certified orthopedist.
In addition, the plaintiff sustained a urethral avulsion and, according to Howard L. Zuckerman, M.D., "a very significant vaginal laceration." These injuries required extensive urethral repair as well as vaginal repair; also, opening of the bladder with the insertion of a long-term catheter in her bladder and urethra. The plaintiff has mild urinary incontinence as a result of these urinary tract injuries. It is Dr. Zuckerman's opinion that if the plaintiff becomes pregnant in the future, she could not attempt vaginal delivery because of scarring and loss of elasticity of the vagina.
The plaintiff further sustained a fracture of a lumbar vertebra, laceration of her spleen with hematoma, open wound of the vagina, staphyloccus aureus infection, fracture of a rib, fracture of the mandible and liver contusion. On September 24, 1996, she underwent an exploratory laporatomy, suprabubic cystostomy, repair of the external urethra, repair of vaginal lacerations, rigid sigmoidoscopy and vaginoplasty.
The court finds that fair just and reasonable compensation would dictate an award of damages to the plaintiff as follows:
Economic damages $ 5,491.00 CT Page 13184 Non-economic damages 450,000.00 TOTAL DAMAGES $455,491.00
It is so ordered.
SKOLNICK J.